IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CHARLES KENNEY,      :     CIVIL ACTION NO. **1:CV-13-2887**
                                  :
         Plaintiff       :     (Judge Rambo)
                                    :
         v.           :     (Magistrate Judge Blewitt)
                                    :
JEFFREY E. THOMAS, et al.,     :
                                    :
         Defendants    :

## REPORT AND RECOMMENDATION

**I. Background.**

On November 27, 2013, Plaintiff, John Charles Kenney, currently an inmate at the United States Penitentiary ("USP Lewisburg")[1], Lewisburg, Pennsylvania, filed, *pro se*, a *Bivens* civil rights action with this Court pursuant to 28 U.S.C. § 1331.[2]  (Doc. 1).  Plaintiff attached exhibits to his

---

[1]Plaintiff states in his Complaint that he filed two previous *Bivens* civil rights actions in the Middle District of Pennsylvania in *Kenney v. Warden Fanello* in 2000 and *Kenney v. Warden Mendez* in 2001.

[2]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

As Plaintiff correctly indicates (Doc. 1, p. 1), this is a *Bivens* action since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

Complaint, mainly copies of his BOP administrative remedy requests and responses.[3]  Plaintiff also filed an *in forma pauperis* Motion.  (Doc. 2).

Plaintiff essentially claims that on or about August 2013, his psychiatric medications, Bupropion and Setraline, were stopped by medical staff at the prison and as a result, he is contemplating suicide, having traumatic dreams and thoughts, chronic fatigue, difficulty thinking, nervousness, agitation and stress.  (Doc. 1).

Plaintiff names the following three (3) Defendants: Jeffrey E. Thomas, Warden; Sarah Dees, Nurse; and Andrew M. Edinger, M.D..  (Doc. 1, p. 1).  Plaintiff does not indicate if Defendants are being sued individually or in their official capacity[4].

On January 9, 2014, we issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice finding that Plaintiff failed to establish an Eighth Amendment denial of medical care claim against any Defendant.   Plaintiff did not state that Defendants were deliberately indifferent to his serious medical needs, and his records only show that Plaintiff disputed the opinions of Defendants to either stop or decrease his medication.  We,

---

[3]The Court can consider Plaintiff's exhibits submitted with his Complaint for present screening purposes.  *See Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993); *Kuniskas v. Walsh*, 2010 WL 1390870, *3 (M.D. Pa.).

[4]To the extent that Plaintiff seeks monetary damages from Defendants, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).  Thus, we will recommend that Plaintiff's damages claims against the state actor Defendants in their official capacities be dismissed with prejudice.

therefore, recommended that Defendants be dismissed without prejudice.   We further recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc.  2) be granted solely for the purpose of filing this action.   Finally, we recommended Plaintiff be permitted to amend his Complaint after he fully exhausted his administrative remedies.

On March 14, 2014, the Court adopted our Report and Recommendation.  (Doc. 20).  On April 4, 2014, Plaintiff filed an Amended Complaint.  We will now screen Plaintiff's Amended Complaint.

## II.  Allegations of Amended Complaint.

As stated, Plaintiff again named the above-listed three Defendants.   Plaintiff's Amended Complaint (Doc. 22) is essentially the same as Plaintiff's Complaint (Doc. 1).   Plaintiff claims that beginning in August 2013, he was accused of "cheeking" his psychiatric prescribed medications of Bupropion and Sertraline.  (Doc. 22, p. 3).  Plaintiff alleges Defendant Nurse Dees "discontinued my pill-line medications for non-medical reasons, based upon hearsay of EMT-Dees."   (*Id.*). Subsequently, Plaintiff's medications were stopped.  (*Id.*, p. 3).  As a result, Plaintiff states that he has mentally suffered.  (*Id.*).  Plaintiff further states that Warden Thomas ignored his request for help regarding his pill line medications and further failed to order Defendants Dees and Edinger to give him his pill line medications.  (*Id.*).

As relief, Plaintiff requests that the Court award $200, 000 in punitive and $200, 000 in Compensatory damages for Defendant Dees "criminal recklessness."  Next, Plaintiff requests $200, 000 be awarded in punitive and compensatory damages for Warden Thomas' "criminal recklessness" for violating his Eighth Amendment rights.  (*Id.*).   Finally, Plaintiff requests the Court

award $200, 000 in punitive and compensatory damages for Dr. Edinger's "criminal recklessness for being deliberately indifferent to my serious medical needs, causing me to suffer violating my 8th Amend. [sic] rights." (*Id.*).

Plaintiff has not Amended the Complaint to address the deficiencies in the original Complaint as Ordered by the Court. (Doc. 20). As discussed below, we find that Plaintiff has once again not stated an Eighth Amendment denial of proper medical care claim as against any Defendant. We find that Plaintiff has not stated an Eighth Amendment claim as against the prison Warden Defendant Thomas, since he is not alleged to have had sufficient personal involvement with the Plaintiff's medical care. We find that he is a supervisory Defendant named only as party based on *respondeat superior*. Specifically, Plaintiff does not allege that Defendant Warden Thomas was responsible for his medical care and was deliberately indifferent to his serious medical needs and refused him treatment. Plaintiff does not allege that Defendant Warden Thomas prevented him from receiving proper medical treatment from medical staff. Thus, we find that Plaintiff has not stated an Eighth Amendment claim as against any Defendant.

## III. PLRA.

The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the

---

[5]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to state a
> claim on which relief may be granted; or (iii)
> seeks monetary relief against a defendant who
> is immune from such relief.

## IV.  Bivens Standard.

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights

action.  In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen
> suffering a compensable injury to a constitutionally protected interest [to]
> invoke the general federal-question jurisdiction of the district court to
> obtain an award of monetary damages against the responsible federal official."
> *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).
> A civil rights claim brought under Bivens is the federal counterpart to an
> action brought under 42 U.S.C. § 1983, and the same legal principles
> governing a § 1983 claim apply to a *Bivens* claim.  *Brown v. Philip Morris Inc.*,
> 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871
> (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3
> (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show
> that the defendant, acting under color of Federal law, deprived him of a
> right secured by the Constitution or laws of the United States. *Brown*,
> 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

> Civil rights claims may only be brought against "persons." 42 U.S.C.
> § 1983. Individual liability in a civil rights action is personal in nature,
> and a defendant is liable only if he was personally, affirmatively involved
> in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159,
> 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294
> (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa
> Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345
> (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988).
> Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983
> suits, a plaintiff must plead that each Government-official defendant,
> through the official's own individual actions, has violated the constitution."
> *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d
> 868 (2009) (collecting cases).

*See also Latansio v. Sabol,* 2010 WL 4340394, *2-*3.

**V.  Discussion.**

*1.  Lack of Personal Involvement of Warden Thomas*

In his Amended Complaint, Plaintiff names as Defendant USP-Lewisburg Warden Thomas. Warden Thomas is clearly in a BOP supervisory position and he has not sufficiently alleged to have been personally involved with respect to Plaintiff's above stated constitutional claims.  It is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003);*Carpenter v. Klopotoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11).

We find that Plaintiff's Amended Complaint lacks sufficient allegations of personal involvement under § 1331 as against the BOP supervisory Defendant, Warden Thomas based on *respondeat superior* based on Thomas' denial of Plaintiff's grievance appeal.  We will recommend that Defendant Warden Thomas be dismissed with prejudice.

In *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W.D. Pa.), the Court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions.  *Rode*, 845 F.2d at 1207.  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  *Id.  See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations.  *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d

1186, 1190-91 (3d Cir. 1995).

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

*See also Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

Based on the above detailed allegations in Plaintiff's Amended Complaint, Plaintiff did not assert sufficient personal involvement of Defendant Warden Thomas with Plaintiff's constitutional claims.  In *Carpenter v. Klopotoski*, 2011 WL 995967, *7, the Court stated:

> To maintain a claim for supervisory liability, plaintiff "must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995).

Further, as stated, Plaintiff names Warden Thomas as a Defendant  based on his denial of Plaintiff's grievances appeals.  This is insufficient personal involvement.

It is well-established that inmates do not have a constitutionally protected right to a prison grievance system.  *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 137-38, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977);  *See also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991) (ruling that federal grievance regulations providing administrative remedy procedure do not create liberty interest in access to that procedure).   It is further well-settled that officials handling of prison grievance procedures does not equate to personal liability in a civil rights claim.  *Burnside v. Moser,* Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa., aff'd. 138 Fed. Appx. 414 (3d Cir. 2005).  *See also Mitchell v. Dodrill*, 696 F.Supp.2d 454, 469 (M.D.Pa. 2010).

Plaintiff does not allege in his Amended Complaint any actual personal involvement of Defendant Warden Thomas with respect to his constitutional claims. We previously recommended that Defendant Warden Thomas be dismissed without prejudice for Plaintiff to fully exhaust his

administrative remedies.   Plaintiff has not provided any indication that he has completed the administrative appeal process.  Thus, having allowed Plaintiff to amend his Complaint, we now find that it would be futile to allow Plaintiff to amend his constitutional claims once again as against Defendant Thomas.

   *2. Defendants Nurse Sarah Dees and Andrew M. Edinger, M.D.*

   As stated, Plaintiff asserts Eighth Amendment denial of medical care claims against Defendants Nurse Sarah Dees and Andrew M. Edinger, M.D..  We do not find that Plaintiff has sufficiently stated Eighth Amendment denial of medical care claims against Defendants Nurse Sarah Dees and Andrew M. Edinger, M.D.., with respect to Plaintiff's allegations that they ceased prescribing him Bupropion and Setraline.  We find that Plaintiff's allegations amount only to potential negligence claims against Defendants regarding their failure to provide Plaintiff with medication.  Once again, it is unknown from Plaintiff's allegations in his Amended Complaint why the medication was stopped or if he was provided alternative medications for his psychiatric illness. Plaintiff's allegations in his Amended Complaint are still unclear at best.  Additionally, although Plaintiff provided as exhibits to his Document 1 Complaint, copies of the administrative remedies he filed and the Administrative Remedy Response Number 755919-F1 in which he was denied based on the complaint having been previously addressed, Plaintiff still does not provide the Administrative Remedy Response Number 750553-F1 in which the issue of reinstatement of his medications was addressed by Defendant Warden Thomas.[6]

---

[6]Plaintiff must fully exhaust his administrative remedies with respect to all of his claims prior to filing  a civil rights suit.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).  However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*,

In *Iseley v. Beard*, 2009 WL 1675731, *7 (M.D. Pa.), the Court stated that:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In *Williams v. Klem*, 2008 WL 4453100, *7 (M.D. Pa.), the Court stated:

> The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis,* 372 F.3d 218, 235-36 (3d Cir.2004); *Natale v. Camden Cty. Correctional Facility,* 318 F.3d 575, 582 (3d Cir.2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1979). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347. "Additionally, 'if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.' " *Young v. Kazmerski,* 266 Fed. Appx. 191, 193 (3d Cir.2008) (quoting *Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 347).

---

285 F.3d 287, 295 (3d Cir. 2002); *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

As stated above, Plaintiff essentially claims that beginning in August 2013, he was accused of "cheeking" his psychiatric prescribed medications of Bupropion and Sertraline.  (Doc. 22, p. 3). Plaintiff alleges Defendant Nurse Dees "discontinued my pill-line medications for non-medical reasons, based upon hearsay of EMT-Dees."  (*Id.*).  Subsequently, Plaintiff's medications were stopped.  (*Id.*, p. 3).  As a result, Plaintiff states that he has mentally suffered.  (*Id.*).  Plaintiff further states that Warden Thomas ignored his request for help regarding his pill line medications and further failed to order Defendants Dees and Edinger to give him his pill line medications.  (*Id.*).

In *Mimms v. U.N.I.C.O.R.*, 2010 WL 2747470, *2 (3d Cir.), the Court stated:

> In order to state a claim under the Eighth Amendment for denial of medical care, Mimms must show that defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Farmer,* 511 U.S. at 834-35 Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104-05. Mimms stated that he broke his left hand at Lewisburg camp. He was given an x-ray and was treated with a splint and medication for pain. He stated that he continued to experience pain and numbness and did not have any follow-up treatment. The District Court properly dismissed this claim because Mimms failed to clarify which defendant he faults for these events. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Furthermore, he did not satisfy the standard for deliberate indifference. According to Mimms' own allegations, he received immediate medical care, and he did not specify what treatment, if any, he was denied. Although he claimed that he experienced continuing pain, the District Court properly noted that he did not allege that the pain was severe or that he informed prison officials about the pain and was denied treatment.

As the Court stated in *Robinson v. U.S.*, 2010 WL 1254277, *14 (M.D. Pa.):

> This [Eighth Amendment ] test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." *Little v. Lycoming County,* 912 F.Supp. 809,

815 (M.D.Pa.1996) (citing *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979), quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)).  When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria,* 709 F.Supp. 542, 547 (M.D.Pa.1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Lanzaro,* 834 F.2d at 346. Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napolean,* 897 F.2d 103, 108-10 (3d Cir.1990).

In short, we do not find that Plaintiff has stated the above described elements to establish an Eighth Amendment denial of medical care claim against any Defendant.   Plaintiff has not sufficiently stated that Defendants were deliberately indifferent to his serious medical needs, and his own records only show that Plaintiff disputed the opinions of Defendants to either stop or decrease his medication.  We, therefore, will recommend that Defendants be dismissed with prejudice as Plaintiff has been previously allowed to amend his Complaint.

**VI.     Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Amended Complaint **(Doc. 22)** be dismissed with prejudice.   Further, it is recommended that Plaintiff's  Motion to appoint counsel **(Doc.  9)** be dismissed as moot.  Finally, we recommend that the Court close this case.


          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**


**Dated: April 17, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | : | CIVIL ACTION NO. **1:CV-13-2887** |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JEFFREY E. THOMAS, et al., | : | |
| | : | |
| Defendants | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 17, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.


**s/ Thomas M. Blewitt**
_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 17, 2014**