IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN CHARLES KENNEY,** : | **CIVIL NO. 1:13-CV-2887** |
| Plaintiff : | |
| : | **(Judge Rambo)** |
| v. : | **(Magistrate Judge Blewitt)** |
| **JEFFREY E. THOMAS, Warden,** *et al.*, : | |
| Defendants : | |

# **M E M O R A N D U M**

Before the court is a report and recommendation (Doc. 24) by Magistrate Judge Blewitt in which he recommends that Plaintiff John Charles Kenney's amended complaint filed pursuant to 28 U.S.C. § 1331 be dismissed with prejudice, that his motion for appointment of counsel be deemed moot, and that the case be closed. Kenney filed objections to the report and recommendation (Doc. 25) on April 25, 2014. He has also filed a motion for a preliminary injunction (Doc. 27) and a motion fo recusal of Magistrate Judge Blewitt (Doc. 30).

**I.       Background**

On November 27, 2013, Kenney, proceeding *pro se*, filed a *Bivens*[1]-type civil rights action pursuant to 28 U.S.C. § 1331 (Doc. 1). The named defendants were Jeffrey E. Thomas, Warden; Sarah Dees, Nurse; and Andrew M. Edinger, M.D. On January 9, 2014, the magistrate judge issued a report (Doc. 10) in which he

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 391, S. Ct. 1999 (1971).

recommended that the complaint be dismissed without prejudice, finding that Kenney failed to establish an Eighth Amendment denial of medical care by Defendants.  On March 14, 2014, this court adopted the report and recommendation (Doc. 20).  On April 4, 2014, Kenney filed an amended complaint (Doc. 22).  Once again, the magistrate judge filed a report in which he recommends that the complaint be dismissed – this time with prejudice.

## II.     Discussion

Kenney's complaint alleges that upon arrival at USP Lewisburg's SMU, Dr. Edinger decreased his prescribed medicine causing him to become depressed and to contemplate suicide.  (Doc. 26, ¶ 5.)  He claims that Nurse Dees deviated from the pill line procedure, that she falsely accused Kenney of "cheeking" his medication, and that she requested Kelley's pill line procedure for dispensing medication be stopped.  (*Id.* at ¶¶ 6, 7.)  Kenney also alleges that Warden Thomas was fully cognizant of these accusations and failed to do anything about them.  (*Id.* at ¶ 8.)

The magistrate judge engaged in a screening process pursuant to 28 U.S.C. § 1915(e)(2) of the Prison Litigation Reform Act of 1995.  He found that the amended complaint did not address the deficiencies in the original complaint as Kenney was ordered to do.

Warden Thomas was in a supervisory capacity and had no personal involvement with Kenney's medical care.  He is named only as a party based on respondeat superior.  The amended complaint does not allege personal involvement in his medical care.  A prison official handling a grievance procedure does not equate to personal liability in a civil rights claim.  *Spruill v. Gillis*, 372 F.3d 218, 236 (3d

Cir. 2004); *see also Burnside v. Moser*, Civ. No. 04-2485 (Dec. 16, 2004, Muir, J.), aff'd 138 Fed. Appx. 414 (3ed Cir. 2005).

Plaintiff's complaints against Dees and Edinger also fail to state a cause of action of denial of medical care.  As before, the magistrate judge found that, at most, Kenney's allegations may amount only to a potential negligence claim.  The magistrate judge also noted that the amended complaint does not state why the medication was stopped or if Kenney was prescribed alternative medications.  However,  Kenney, in his "Objection Overview" (Doc. 26), alleges his medication was reduced from 400 milligrams daily to 300 milligrams daily.  (*Id.* at ¶ 5.)  Thus, this claim amounts to a dispute between the patient and the doctor as to the appropriate treatment and does not rise to a claim of deliberate indifference to a severe medical condition.  Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim.  *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990).

### III.      Conclusion

Based on the foregoing, the report and recommendation of the magistrate judge will be adopted.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  May 21, 2014.